Ella M. BOWMAN, Plaintiff–Appellant,

v.

THE MAY DEPARTMENT STORES COMPANY, d/b/a/ Kaufmann's; Ronald Grozymkowski; Michael Giano; Samuel Evey; John Doe, Individual with an unknown residence, Defendants–Appellees.

No. 99–4316.

United States Court of Appeals, Sixth Circuit.

Jan. 8, 2001.

Before RYAN and ALAN E. NORRIS, Circuit Judges, and EDGAR, District Judge.*

RYAN, Circuit Judge.

Ella M. Bowman brought this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17, against her employer, The May Department Stores Company, d/b/a Kaufmann's, and various Kaufmann's employees (collectively hereinafter Kaufmann's), asserting claims alleging discriminatory discipline and a hostile work environment. Bowman also alleges that she was not given sufficient time to conduct adequate discovery in her case. The district court granted summary judgment after concluding Bowman was given ample time to complete discovery and had not produced sufficient evidence to permit a reasonable jury to find the elements necessary to support either of her Title VII claims. The district court entered judgment for the defendants, and this appeal followed. We affirm.

## I.

Bowman, an African–American, and Samuel Evey, a Caucasian, were employed as sales associates in the Men's Furnishings Department at the Kaufmann's store in University Heights, Ohio. The claims in this case stem from two incidents involving Bowman and Evey. On December 11, 1996, Evey assisted another Kaufmann's employee with the apprehension of a suspected shoplifter who was an African–American. Bowman claims that Evey mistreated the suspect and violated company policy by assisting in the apprehension of the customer. Later that day, Bowman loudly voiced her displeasure with Evey's conduct to two loss prevention associates while still on the sales floor. On December 14, 1996, Bowman and Evey had a loud argument on the sales floor relating to the shoplifter incident. Bowman alleges Evey stated that he was going to "whip [her] black ass." The store's operations manager asked them to leave the sales floor, after which they continued their argument. Bowman contends that Evey was in violation of company policy at the time of the argument because he had been consuming alcohol.

Both incidents were investigated and the store manager personally issued written performance warnings to both Bowman and Evey on January 9, 1997. The warnings were virtually identical, except that Bowman's contained a reference to her behavior on December 11 after the shoplifter incident. Bowman then requested an investigation into the racial discrimination at the University Heights store. Kaufmann's conducted an investigation, but Bowman refused to cooperate. Kaufmann's concluded that Bowman and Evey had been treated equally and Bowman had not been subjected to racial discrimination.

On February 26, 1997, Bowman filed a complaint of race discrimination with the Ohio Civil Rights Commission (OCRC) and the Equal Employment Opportunity Commission. On March 4, 1997, Bowman added a claim alleging racial harassment. She did not raise allegations of retaliation in either of these charges. The OCRC investigated Bowman's charges and found that there was "probable cause" to believe that Bowman was subjected to unequal terms and conditions of employment.

Bowman then filed a complaint in the Cuyahoga County Court of Common Pleas against Kaufmann's on March 4, 1998, al-

* The Honorable R. Allan Edgar, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

leging a violation of Title VII on three counts: (1) discriminatory discipline; (2) retaliation; and (3) hostile work environment. The action was then removed to federal district court which referred the matter to a magistrate judge. The magistrate judge issued a report and recommendation on June 14, 1999, granting Evey's motion for summary judgment in whole and granting Kaufmann's motion on Counts One and Three, but denying summary judgment as to Count Two because the parties had not addressed the merits of the retaliation claim.

Both Kaufmann's and Bowman filed objections to the magistrate judge's report. The district court permitted additional briefing on the retaliation claim issue. Kaufmann's then filed a motion for summary judgment. On September 30, 1999, the district court adopted the magistrate judge's report and recommendation in part and entered summary judgment on all counts against Bowman. Bowman then timely filed an appeal.

## II.

We conclude that Bowman's claim that the district court acted prematurely in ruling on the summary judgment motion because adequate discovery had yet been completed is meritless. At Bowman's request, the magistrate judge extended discovery, but at no time did Bowman ever formally initiate discovery with Kaufmann's. Bowman was given ample time to request the deposition of Evey and serve written discovery requests on Kaufmann's and never took advantage of it.

The Honorable Donald C. Nugent, United States District Judge, prepared a carefully developed and well-reasoned opinion that thoroughly discussed and analyzed each Title VII issue presented in this case. Because we cannot improve upon the district court's excellent opinion and its con-

clusion that there are no genuine issues of material fact with respect to any of the plaintiff's Title VII theories of recovery, we adopt Judge Nugent's opinion as our own.

Accordingly, we AFFIRM the judgment of the district court.